861 F.2d 729
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MASSMAN CONSTRUCTION CO., Appellant,
v.
The UNITED STATES, Appellee.
 No. 88-1136.
 United States Court of Appeals, Federal Circuit.
 Sept. 28, 1988.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 
 1
 Massman Construction Co. (Massman) appeals the decision of the Department of the Army Corps of Engineers Board of Contract Appeals (board), ENG BCA No. 4966, denying Massman post-settlement interest on the resolution of a disputed claim. We affirm.
 
 OPINION
 
 2
 Findings of fact made by the board are final and may not be set aside unless the findings are arbitrary, capricious, based on less than substantial evidence, or rendered in bad faith. 41 U.S.C. Sec. 609(b) (1982). American Elec. Laboratories v. United States, 774 F.2d 1110, 1112 (Fed.Cir.1985); Erickson Air Crane Co. v. United States, 731 F.2d 810, 814 (Fed.Cir.1984). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. [Citation omitted.]' " United States v. General Elec. Corp., 727 F.2d 1567, 1572 (Fed.Cir.1984) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 3
 Massman contends that the board erred in finding there was an accord and satisfaction with respect to its claim for interest because there is no express waiver of the right to the interest. As described by one of our predecessor courts, "[t]he essential elements of an effective accord and satisfaction are proper subject matter, competent parties, meeting of the minds of the parties, and consideration." Brock & Blevins Co. v. United States, 343 F.2d 951, 955 (Ct.Cl.1965) (quoting Nevada Half Moon Mining Co. v. Combined Metals Reduction Co., 176 F.2d 73, 76 (10th Cir.1949), cert. denied, 338 U.S. 943 (1950)). Thus, an express waiver is not required so long as there is a meeting of the minds on the issue said to be waived.
 
 
 4
 The board held that Massman waived any right to interest "by knowingly entering into Modification P00155 without reserving a claim for such interest." [App. p. 21]. In support of that holding the board found, as a factual matter, that the "interest issue was raised before Modification P00155 was signed by either party. [Massman] was informed that there was no agreement and no modification would be executed if the interest claim was reserved." [App. p. 21]. When Modification P00155 was thereafter signed by the parties, there was the requisite meeting of the minds to establish an accord and satisfaction. Substantial evidence, including the testimony of the Contracting Officer, Daniel Flippen, supports these factual findings of the board, and thus we cannot say that the board's findings and conclusions are in error. See United States v. General Elec. Corp., 727 F.2d at 1572.
 
 
 5
 We therefore affirm the decision of the board on the basis of the board's opinions dated October 30, 1987 and September 30, 1986.